Filed 9/17/20  P. v. King CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>AARON SINCLAIR KING,<br><br>        Defendant and Appellant. | D077127<br><br><br><br>(Super. Ct. No. SCD277233) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed as modified with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Aaron Sinclair King of false imprisonment by violence (Pen. Code,[1] §§ 236 and 237, subd. (a); count 9); corporal injury to a spouse (§ 273.5, subd. (a); counts 8 and 11); and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count 10).  The court declared a mistrial as to counts 1 through 7.

Prior to sentencing, the parties reached a plea agreement as to count 6 (assault with force likely to cause great bodily injury).  King pleaded guilty to that count, and the People dismissed the balance of the information.

The court sentenced King to a determinate term of 10 years in prison. The court, without objection, imposed a $10,000 restitution fine and various other fees and assessments as recommended in the probation officer's report.

King appeals contending the court erred in imposing fines, fees, and assessments without first conducting an ability to pay hearing as mandated by *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  He also contends the concurrent sentence on count 9 should be stayed under section 654.

The People contend King has forfeited his *Dueñas* challenge for failure to object in the trial court.  The People correctly agree with King that the sentence on count 9 must be stayed under section 654.  We will accept the People's concession as to count 9 and will order the judgment modified accordingly.  We also agree with the People that King has forfeited the *Dueñas* challenge as we will explain below.

---

[1]     All further statutory references are to the Penal Code.

STATEMENT OF FACTS[2]

King does not challenge the admissibility or the sufficiency of the evidence to support his convictions. Therefore, we will adopt the summary of the facts contained in the respondent's brief for background.

A. *Count 6: Assault by Means of Force Likely to Cause Great Bodily Injury*

On December 31, 2017, W.K. and King, her husband, were sitting on the couch alone in their apartment. They argued about a woman that W.K. had seen King staring at in a sexually suggestive manner earlier that year. W.K. stood up, grabbed a hand massager off a table, and threw it on the floor in frustration. King grabbed W.K. by the neck with both hands and pushed her on the couch. King then dragged W.K. by the neck around the apartment while continuing to strangle her. W.K. could not breathe, lost consciousness, and woke up on the floor with her body shaking and her ears ringing. W.K. got up and King again used both hands to choke her before eventually letting go. W.K. could not work for three or four days because she suffered extreme neck pain, difficulty swallowing, and dizzy spells.

B. *Counts 8 and 9: Corporal Injury on a Spouse Resulting in a Traumatic Condition and False Imprisonment*

On May 5, 2018, King picked W.K. up from work in their car. King and W.K. were almost to their apartment when W.K.'s suspicion that King was cheating on her with a woman at their church led to an argument. King grabbed W.K. by the neck with his right hand while continuing to drive the car with his left hand. Fearing she would die if she stayed in the car, W.K. opened her door to get out, even though it was still moving. King profanely

---

[2] The facts from counts 1 through 5 and 7 are excluded because King was not convicted of those counts. The facts from counts 10 and 11 are excluded because they are not relevant to the issue on appeal.

yelled at W.K. to close the door before he ended up going to jail. King then pulled the car over, yanked W.K. into his lap, and began to strangle her. W.K. could not breathe until King eventually let go. W.K. tried to get out of the car and King reached over and grabbed her shirt, causing a deep scratch to her back. W.K. broke free and ran to a nearby 7-Eleven. W.K.'s deep scratch took three weeks to heal.

## DISCUSSION

King contends the court erred and denied him due process by failing to conduct an ability to pay hearing before imposing fines, fees, and assessments as part of the judgment citing *Dueñas*, *supra*, 30 Cal.App.5th 1157. Although there was no objection made to the imposition of the fines, fees and assessments at trial, he contends we should not apply forfeiture to this issue. We disagree.

The *Dueñas* opinion was filed January 8, 2019. The sentencing hearing in this case did not take place until January 10, 2020. Thus, the existence of the case and the legal disputes arising from the opinion were well known and part of a growing body of appellate opinion.[3]

The doctrine of forfeiture on appeal where issues were not raised in the trial court is well established. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. McCullough* (2013) 56 Cal.4th 589, 596-597; *People v. Welch* (1993) 5 Cal.4th 228, 237.) It is based on the notion that issues should be raised in the trial court before presenting them on appeal. Prompt presentation of the issue may resolve the problem before appeal, and in any event, prompt

---

[3] Some of the cases applying forfeiture include *People v. Gutierrez* (2019) 35 Cal.App.5th 1027; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154-1155; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464. There are other cases that did not apply forfeiture.

presentation will provide a record that will permit meaningful appellate review.

In this case, the probation officer's report contained the proposed list of fines, fees, and assessments the court ultimately imposed. The defense was made aware of the potential financial aspects of the judgment and the *Dueñas* case as well as the appellate disputes arising from that case had existed for almost a year prior to the sentencing hearing. We see no rational reason to address the *Dueñas* challenge on this cold record. Appellate counsel makes a passing comment that addressing the issue would avoid a subsequent habeas corpus proceeding. Of course, we would still have no record on which to rationally analyze the trial court's decision. Where there is a silent record it is often impossible to assess claims of ineffective assistance of counsel. In such cases habeas corpus is the appropriate remedy. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We decline to reach the merits of King's *Dueñas* challenge as we find the issue has been forfeited.

## DISPOSITION

The judgment is modified to stay the sentence for count 9 pursuant to section 654. The court is directed to amend the abstract of judgment accordingly and forward the amended abstract to the Department of

Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


AARON, J.